*530 uw*     *FILED*

*NOV ... 07*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT*
*NORTHERN DISTRICT OF CALIFORNIA*

1   __PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY__

2   Name __Ramirez__          __Glenn__              __A.__
         (Last)              (First)            (Initial)

3   Prisoner Number __T-51434__

    *3 - 116-L*

4   Institutional Address __Salinas Valley State Prison, Fac. B,__ **I - ■■,** P.O. Box

5   __1050, Soledad, CA 93960-1050__

6   ===================================================================
                    **UNITED STATES DISTRICT COURT**
7                 **NORTHERN DISTRICT OF CALIFORNIA**                    **SI**

8   __Glenn Allen Ramirez__
    (Enter the full name of plaintiff in this action.)

                                   **CV    07      5785**

9                    vs.
                                   Case No. _____
10  __Michael Evans, Warden, Et, Al__     (To be provided by the clerk of court)     **(PR)**

11  _____     **PETITION FOR A WRIT**
                                        **OF HABEAS CORPUS**
12  _____

13  _____

14  (Enter the full name of respondent(s) or jailer in this action)

15
    ===================================================================
16                  Read Comments Carefully Before Filling In

17  When and Where to File

18          You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23          If you are challenging your conviction or sentence and you were not convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

1  Who to Name as Respondent

2        You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6        If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11        1. What sentence are you challenging in this petition? Restitution.

12             (a)    Name and location of court that imposed sentence (for example; Alameda

13                    County Superior Court, Oakland):

14        Superior Court                         Santa Clara County

15             Court                                Location

16             (b)    Case number, if known S151976

17             (c)    Date and terms of sentence 98 years to life

18             (d)    Are you now in custody serving this term? (Custody means being in jail, on

19                    parole or probation, etc.)          Yes X   No _____

20                    Where? California State Prison

21                    Name of Institution: Salinas Valley State Prison

22                    Address: 31625, Hwy 101, Soledad, CA 93960

23        2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  _____

27  _____

28  _____

PET. FOR WRIT OF HAB. CORPUS          - 2 -

3. Did you have any of the following?

Arraignment:                                      Yes __✕__      No ____

Preliminary Hearing:                              Yes __✕__      No ____

Motion to Suppress:                               Yes ____       No __✕__

4. How did you plead?

Guilty ____    Not Guilty __✕__    Nolo Contendere ____

Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

Jury __✕__    Judge alone____    Judge alone on a transcript ____

6. Did you testify at your trial?                 Yes ____       No __✕__

7. Did you have an attorney at the following proceedings:

(a)    Arraignment                                Yes __✕__      No ____

(b)    Preliminary hearing                        Yes __✕__      No ____

(c)    Time of plea                               Yes __✕__      No ____

(d)    Trial                                      Yes __✕__      No ____

(e)    Sentencing                                 Yes __✕__      No ____

(f)    Appeal                                     Yes __✕__      No ____

(g)    Other post-conviction proceeding           Yes __✕__      No ____

8. Did you appeal your conviction?                Yes __✕__      No ____

(a)    If you did, to what court(s) did you appeal?

Court of Appeal                                   Yes __✕__      No ____

Year: 2002        Result: Denied _____

Supreme Court of California      Yes __✕__  No ____

Year: _____    Result: _____

Any other court                  Yes ____   No __✕__

Year: _____    Result: _____

(b)    If you appealed, were the grounds the same as those that you are raising in this

| | | | |
|---|---|---|---|

1      petition?      Yes _____    No _X_

2    (c)   Was there an opinion?    Yes _____    No _X_

3    (d)   Did you seek permission to file a late appeal under Rule 31(a)?

4          Yes _____    No _X_

5       If you did, give the name of the court and the result:

6     _____

7     _____

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?    Yes _____    No _X_

10       [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16    (a)   If you sought relief in any proceeding other than an appeal, answer the following

17       questions for each proceeding. Attach extra paper if you need more space.

18      I.   Name of Court: _____

19       Type of Proceeding: _____

20       Grounds raised (Be brief but specific):

21       a._____

22       b._____

23       c._____

24       d._____

25       Result: _____ Date of Result:_____

26      II.   Name of Court: _____

27       Type of Proceeding: _____

28       Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS     - 4 -

1      a._____

2      b._____

3      c._____

4      d._____

5      Result: _____ Date of Result:_____

6  III.   Name of Court: _____

7         Type of Proceeding: _____

8         Grounds raised (Be brief but specific):

9      a._____

10     b._____

11     c._____

12     d._____

13     Result: _____ Date of Result:_____

14 IV.    Name of Court: _____

15        Type of Proceeding: _____

16        Grounds raised (Be brief but specific):

17     a._____

18     b._____

19     c._____

20     d._____

21     Result: _____ Date of Result:_____

22   (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                    Yes _____   No ⨉

24        Name and location of court: _____

25 B. GROUNDS FOR RELIEF

26    State briefly every reason that you believe you are being confined unlawfully. Give facts to

27 support each claim. For example, what legal right or privilege were you denied? What happened?

28 Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

1  need more space. Answer the same questions for each claim.

2      [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5      Claim One: Restitution

6  _____

7      Supporting Facts: THE COURT ERRED IN IMPOSING A FINE UNDER GOVERNMENT CODE

8  SECTION 13967, SUBDIVISION (a), Trial Court must consider a defendant

9  s ability to pay.

10 _____

11     Claim Two:_____

12 _____

13     Supporting Facts:_____

14 _____

15 _____

16 _____

17     Claim Three:_____

18 _____

19     Supporting Facts:_____

20 _____

21 _____

22 _____

23     If any of these grounds was not previously presented to any other court, state briefly which

24 grounds were not presented and why:

25 Restitution

26 _____

27 _____

28 _____

1        List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    People v Mc Mahan (1992) Cal App 4th 74,  People v Frye (1994) 21 Cal App

5    4th 1483, People v Wardlaw (1991) 227 Cal App 3d. 360.

6    

7    Do you have an attorney for this petition?                    Yes_____        No ⤫

8    If you do, give the name and address of your attorney:

9    

10        WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12    

13    Executed on  10/23/07                              Glen Ramirez

14               Date                                    Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

1  GLENN ALLEN RAMIREZ, T=51434
   SALINAS VALLEY STATE PRISON
2  FACILITY B, BLDG. 3 - 116
   P.O. BOX 1050
3  SOLEDAD, CA 93960-1050

4  In Pro Per

5          IN THE FEDERAL COURT FOR THE STATE OF CALIFORNIA

6                    IN THE NORTHERN DISTRICT

7

8  Glenn Allen Ramirez         )      CASE NO:-----------------
                Petitioner,     )
9                               )
                                )
10                  vs          )
                                )
11 People of the State of Calif. )     PETITION FOR WRIT OF HABEAS
                Respondent,     )      CORPUS - RESTITUTION FINE
12

13

14             PETITION FOR WRIT OF HABEAS CORPUS

15               AND BRIEF IN SUPPORT THEREOF

16     Petitioner, Glenn Allen Ramirez, respectfully petitions this

17 court for a Writ of Habeas Corpus and by this verified writ sets

18 forth the following facts and causes for issuance of this writ.

19                              1.

20     Petitioner is presently incarcerated by the California

21 Department of Corrections at Salinas Valley State Prison, Soledad,

22 California, Warden M. Evans and by the Director of Corrections.

23 Petitioner is currently serving a 98 to Life Term in State Prison

24 which was imposed on April 26, 2002 by the Superior Court of

25 Santa Clara County, Case Number CC 120254.

26                              2.

27     This petition is filed in this Court pursuant to its original

28              Glenn Allen Ramirez On Habeas Corpus

                              (1)

1    Habeas Corpus jurisdiction, (California Constitution Article VI,

2    Section 11.)

3                              STATEMENT

4         On April 26, 2002, Petitioner was sentenced after a jury found

5    Petitioner guilty in the end of deliberation of Petitioners Trial.

6    During sentencing of (GLENN ALLEN RAMIREZ) Petitioner, it was the

7    sentencing Courts responsibility to determine Petitioners ability

8    to pay any restitution and/or fine the Court was willing to impose

9    before sentencing. Petitioner does not have work or access to

10   any work in State Prison. Furthermore, Petitioner has no other

11   access or alternative for monitary means.

12                                  I

13   THE COURT ERRED IN IMPOSING A FINE UNDER GOVERNMENT CODE SECTION
     13967, SUBDIVISION (a), THE TRIAL COURT MUST ASCERTAIN PETITIONERS
14   ABILITY TO PAY

15   A) In imposing a restitution fine under Government Code
     Section §13967, Subdivision (a), Trial Court must consider
16   a defendant's Ability to Pay.

17        In this matter, a ($10,000.00) ten thousand dollar restitution

18   fine pursuant to Government Code Section 13967, Subd(a) was

19   assessed at the time Petitioner was Sentenced. Government Code

20   13967, Subd.(a) as amended effective September 12, 1992, Provides:

21        "In addition, if a person is convicted of one or more felony
          offenses, the Court shall impose a seperate and additional
22        restitution fine of not less than two Hundred ($200.00) dollars,
          subject to defendants ability to pay, and not more than ten thousand
23        ($10,00.00) dollars".

24        The emphasized language was added by the 1992 amendment,

25   because the previous version of Government Code §13967, Subd(a) did

26   not include such language. The changed language of the Statute

27   avidences a new requirement, that the Trial Court determine the

28   defendants ability to pay a restitution fine before imposing such

                                  (2)

1   a fine.

2       The use of the phrase, "Subject to" in statute concerning

3   orders to pay reflects a clear legislative intent,"to require

4   the Court to make a determination of ability to pay prior to

5   its order". [People v. McMahan (1992) Cal.App.4th 740, 749].  In

6   McMahan, the Court interpreted Penal Code Section §290.3, which

7   provides for fines of ($100.00) one hundred dollars for a first

8   offense and ($200.00) two hundred dollars for a second offense,

9   "unless the Court determines a defendant does not have the ability

10   to pay", as not creating a requirement that the Court determine

11   the ability to pay prior to its order.  The Court added, note,

12   that if the legislature had wanted to, "require a determination

13   of ability to pay prior to its order, it could have used the words

14   'Provided' or 'subject to' instead of 'unless'". (Id.,emphasis

15   supplied.), Because "those words were not used", the Court

16   affirmed a fine imposed without determination of the defendants

17   ability to pay.  Unlike the Statute at issue in McMahan, Government

18   Code Section 13967, Subd(a) uses the language, "subject to",

19   bringing it within the requirement of assessment of ability to

20   pay contemplated, but not present in McMahan.

21       Further, the amount of fines at issue in Penal Code Section

22   §290, ($100.00), ($200.00), was noted by the McMahan Court as

23   being sufficiently de minimus so that the legislature might have

24   chosen not to burden the Courts with the requirement to determine

25   ability to pay before ordering them.  In contrast, fines imposed

26   under Section §13967,Subd(a), may involve sums as large as ($10,000.00)

27   ten thousand dollars so extentions of McMahan's logic compels the

28   conclusion that the legislature intented to include in the Statute

1  a requirement of prior determination of ability to pay.

2      It could be argued that if the Court imposes the minimum fine

3  of ($200.00), it need not ascertain ability to pay. However, in the

4  only citable case interpreting Section §13967,Subd(a), [People v.

5  Frye (1994) 21 Cal.App.4th 1483], The Third District held that

6  "even imposition of the ($200.00) minimum fine must be subject to a

7  defendants ability to pay". [People v. Frye, supra, 21 Cal.App.4th].

8      B) The imposition of a fine under a statute requiring a prior
       determination of a defendants ability to pay is invalid where the
9      Court fails to make the required express determination On the
10     Record.

11      For the reasons discussed above, Government Code Section §13967,

12  subdivision(a), is a Statute which requires a prior determination

13  of ability to pay. An examination of analogous Statutes requiring

14  such a determination demonstrates that fines imposed without such

15  determination are invalid. Please see, [People v. Wardlaw (1991)

16  227 Cal.App.3d.360, 372] no excuse for a courts failure to determine

17  whether Petitioner has the ability to pay a restitution fine pursuant

18  to (Penal Code § 1203.1(h)); [People v. Adams (1990) 224 Cal.App.3d

19  705, 712-713], states the Court erred in failing to determine whether

20  appellant had the ability to pay pursuant to (Penal Code §1203.1(b)).

21  Moreover, the Court's consideration of ability to pay must be a matter

22  of record in order to ensure that the Court was aware of its discretion

23  and exercised it, and to permit an appellant review. See e.g. [People

24  v. Goulart (1990) 224 Cal.App.3d.71, 84] [People v. Ryan (1988) 203

25  Cal.App.3d. 189, 196] [People v. Vournazos (1988) 198 Cal.App.3d 948,

26  957] [People v. Barker (1986) 182 Cal. App.3d. 921]. In Barker, the

27  Court reversed a restitution fine imposed under pre - 1984 version

28  of Government Code 13967, Subd(a) because it appeared from the record

1   that the Trial Court failed to consider the appellant's ability to

2   pay. (Id.at p943)

3        The record in Barker revealed discussion between the Court

4   and Counsel indicating assumptions that appellant would be earning

5   money in State Prison and might even possibly obtain in the future

6   other money through a judgement or award. For instance, the

7   Prosecutor suggested the appellant might pay a portion of the restitution

8   with the money the appellant earned in prison, and pay the rest

9   following His release. Despite the Courts acknowledgement that these

10  facts in the record allowed an implication that the Trial Court had

11  considered the Defendant's ability to pay, in the absence of a clear

12  determination by the Court on the record, it held that,"the more

13  appropriate interpretation is that the Trial Court failed [to

14  determine the ability to pay] and remand is therefore necessary to

15  permit the Trial Court to make this Determination".(Id.at pp.943-944)

16       Not even the perfunctory level of discussion found inadequate

17  in Barker occurred in Petitioners case.

18       C.) Appellant did not waive His right to determination of His
        ability to pay a restitution fine.
19

20       In the case [People v. Castro (1994) Cal.App.4th 94 C.D.O.S.

21  3568] Fifth District ruled the Court examine a waiver under Section

22  §13967,Subd(a), In Castro the Probation report recommended the

23  imposition of a ($5,000.00) five thousand dollar fine and appellant

24  did not object to this recommendation. Respondent depended on [

25  People v. Blankenship (1989) 213 Cal. App.3d.992], and cases decided

26  thereunder or similary. Blankenship held that failure to object to

27  a restitution order to be paid to the victim under Section §13967,

28  subd.(a) amounted to a waiver of the right to challenge accuracy of

(5)

1   monetary claims upon which the order was based.  However, the

2   reviewing Court reached the merit's of appellant's claim that the

3   Trial Court erred in ordering restitution in favor of a victim's insurer.

4   In Castro, this Court interpreted Blankenship as followd:

5       'We read Blankenship as holding that objections to the procedure
        followed by the sentencing Court in making restitution orders
6       are waived by failure to raise them in Court, but a claim that
        the sentencing Court has exceeded its statutory power to impose
7       a restitution fine may be raised for the first time on appeal".

8       Citing, [People v. Neal (1993) 19 Cal.App.4th 1114]  waiver

9   not applicable to errors going to jurisdiction of Court to impose

10  sentence.

11      Castro holds as follows:

12      " The Court's power to impose a fine pursuant to Government Code
        Section §13967,subd(a), is thus limited by statutory language.
13      It follows that if there is no evidence or information before
        the Court supporting a finding of ability to pay, the Court has
14      exceeded its statutory power in imposing the fine.  Thus, we
        hold that appellant didnot waive his right to challenge the
15      restitution order on the grounds that it is unsupported by
        evidence of ability to pay." ( Ibid, underline emphasis
16      supplied.)

17      Catro also discusses McMahan supra, an earlier decision by the

18  District Court.  It distinguishes McMahan, on the same grounds discussed,

19  supra, namely that the statute under discussion in McMahan, unlike

20  Section §13967, does not use words, "subject to" and thus finding of

21  ability to pay was not statutorily required as it is in cases decided

22  under Section §13967.

23      Petitioner is aware that in [People v. Schenck (1994) 23 Cal.

24  App.4th.698], Third District held that failure to raise ability to

25  pay issues in Trial Court waives it on appeal.  This case is

26  irreconcilable with Castro.

27      Wherefore, for all the foregoing reasons, Petitioner

28  respectfully moves this court to find that the Court erred in imposing

1   a ($10,000.00) ten thousand dollar restitution fine without considering

2   ability to pay, and under Penal Code §2085.5.  In any case in which

3   a Petitioner owes restitution or fine pursuant to Government Code

4   §13967,subd(a), as operative prior September 28, 1994 or of §1202.4.

5   The restitution owed to a person who has filed an application Victim

6   of Crime Program.  No restitution or deductions shall be made on behalf

7   of Victims who have not filed an application with (VCP) Program.

8       For the above reasons this portion of the judgement to

9   Petitioner should be reversed and/or requires reversal.

10  Dated  10-23   2007                    Respectfully Submitted,

11

12                                         GLENN ALLEN RAMIREZ, T51434

13                                         In Propria Persona

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(7)

PROOF OF SERVICE

I, GLENN A. RAMIREZ, declare that I am over the age of 18, and a party to

the herein cause of action, and that I reside at **Salinas Valley State Prison,**

**Soledad, California,** in the County of **Monterey.** My Mailing address is:

> Glenn A. Ramirez T-51434
> Salinas Valley State Prison
> FACILITY B, BLDG. 3 #116
> P.O. Box 1050
> SOLEDAD, CA 93960-1050

On _October 23_ 2007, I delivered to Prison Officials for

mailing the following legal documents:

PETITION FOR WRIT OF HABEAS CORPUS

IN A SEALED ENVELOPE BY DELIVERY TO Prison Housing Officers, to be placed

into the inmate legal mail in accordance with the Supreme Court case, [Houston

B Lack, (1988) 487 U.S. 266, 108 S.Ct. 2379], and addressed to:

> Clerk of the Court
> Northern District Court

I declare under penalty of perjury under the laws of the State of

California, that the foregoing statements are true and correct.

Executed at Salinas Valley State Prison, Soledad, California on this day

_October 23_ 2007.

_Glenn A. Ramirez_
Glenn A. Ramirez T-51434
Petitioner In Pro Per

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SANTA CLARA

Plaintiff:
PEOPLE OF THE STATE OF CALIFORNIA

Defendant:
GLENN A. RAMIREZ

**F I L E D**

NOV 2 0 2006

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
By_____
_____ DEPUTY

| PROOF OF SERVICE BY MAIL OF: | CASE NUMBER: |
|---|---|
| ORDER ON HABEAS CORPUS | CC120254 |

CLERK'S CERTIFICATE OF MAILING: I certify that I am not a party to this case and that a true copy of this document was mailed first class postage fully prepaid in a sealed envelope addressed as shown below and the document was mailed at 190 W. Hedding St. SAN JOSE, CALIFORNIA on   11-20-06.  I declare under penalty of perjury that the foregoing is true and correct.

KIRI TORRE, Chief Executive Officer

By _____ Clerk
     C. Ishizaki

Glenn Allen Ramirez T-51434
Salinas Valley State Prison
Facility B-Bldg ☐-☐☐☐ 3-116
P.O. Box 1050
Soledad, CA 93960-1050

Research Attorney/Criminal Division
190 W. Hedding Street
San Jose, CA 95110
* Placed in Research Attorney's Box at
  Hall of Justice

District Attorney
*Placed in box at Hall of Justice

CJIC



SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

In re                              )
                                   )
                                   )    No. CC120254
                                   )
   GLEN A RAMIREZ,                 )    O R D E R
                                   )
On Habeas Corpus                   )
_____)

GLEN A RAMIREZ has submitted to this Court a habeas corpus petition in which he asserts error regarding his restitution fine. The petition is DENIED.

Unlike the restitution fine in *People v. Saelee* (1995) 35 Cal.App.4th 27, which was imposed pursuant to Government Code section 13967, the restitution fine in Petitioner's case was imposed pursuant to Penal Code section 1202.4. Subdivisions (c) and (g) of Penal Code section 1202.4 state "A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine [or] order." There is no ambiguity in that language and there is no conflict with any other statutes or other portions of that same statute.

DATED: _11/20_, 200___          _____
                                EUGENE NORTHWAY
                                JUDGE OF THE SUPERIOR COURT

cc:  Petitioner
     District Attorney
     Research(A)

| | |
|---|---|
| IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>IN AND FOR THE COUNTY OF SANTA CLARA<br><br>Plaintiff:<br>PEOPLE OF THE STATE OF CALIFORNIA<br><br>Defendant:<br>GLENN A. RAMIREZ | **F I L E D**<br><br>NOV 2 0 2006<br><br>KIRI TORRE<br>Chief Executive Officer/Clerk<br>Superior Court of CA, County of Santa Clara<br>By_____<br>DEPUTY |
| PROOF OF SERVICE BY MAIL OF:<br>ORDER ON HABEAS CORPUS | CASE NUMBER:<br>CC120254 |

CLERK'S CERTIFICATE OF MAILING: I certify that I am not a party to this case and that a true copy of this document was mailed first class postage fully prepaid in a sealed envelope addressed as shown below and the document was mailed at 190 W. Hedding St. SAN JOSE, CALIFORNIA on  11-20-06. I declare under penalty of perjury that the foregoing is true and correct.

KIRI TORRE, Chief Executive Officer

By _____ Clerk
C. Ishizaki

Glenn Allen Ramirez T-51434
Salinas Valley State Prison
Facility B-Bldg 1-100 3 - 116
P.O. Box 1050
Soledad, CA 93960-1050

Research Attorney/Criminal Division
190 W. Hedding Street
San Jose, CA 95110
* Placed in Research Attorney's Box at
  Hall of Justice

District Attorney
*Placed in box at Hall of Justice

CJIC



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

MAR 2 - 2007

MICHAEL J. YERLY, Clerk

By _____
                    DEPUTY

In re GLENN ALLEN RAMIREZ,

on Habeas Corpus.

H031197
(Santa Clara County
Super. Ct. No. CC120254)

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Premo, Acting P.J., Elia, J., and Duffy, J., participated in this decision.)

Dated    MAR 2 - 2007          PREMO, J.          Acting P.J.



1

2

3

4      SUPERIOR COURT OF CALIFORNIA

5      COUNTY OF SANTA CLARA

6

7   In re                        )
                                  )
8                                 )    No. CC120254
                                  )
9   GLENN A RAMIREZ,              )      O R D E R
                                  )
10  On Habeas Corpus              )
                                  )
11  ————————————————————————————

12      GLENN A RAMIREZ has submitted to this Court a habeas corpus

13  petition in which he asserts error regarding his restitution fine.

14  The petition is DENIED.

15      Unlike the restitution fine in *People v. Saelee* (1995) 35

16  Cal.App.4th 27, which was imposed pursuant to Government Code section

17  13967, the restitution fine in Petitioner's case was imposed pursuant

18  to Penal Code section 1202.4.  Subdivisions (c) and (g) of Penal Code

19  section 1202.4 state "A defendant's inability to pay shall not be

20  considered a compelling and extraordinary reason not to impose a

21  restitution fine [or] order."  There is no ambiguity in that language

22  and there is no conflict with any other statutes or other portions of

23  that same statute.

24

25  DATED: _____11/20/_____, 200__    _____

26                                          _____ THE SUPERIOR COURT

27  cc:  Petitioner
         District Attorney
28       Research(A)

1 | GLENN ALLEN RAMIREZ, T-51434
Salinas Valley State Prison
2 | Facility B, Bldg. ☙ - ☙ 3-116
P.O. Box 1050
3 | Soledad, CA 93960-1050

4 | In Pro Per

5

6 |                    CALIFORNIA SUPREME COURT

7

8 | GLENN ALLEN RAMIREZ            )
                      Petitioner, )    CASE NO:  CC 120254
9 |                               )
                                  )
10 |              v,               )
                                  )    PETITION FOR WRIT OF HABEAS
11 |                               )    CORPUS - RESTITUTION FINE
                                  )
12 | People of the State of Calif. )
                   Respondant,  )
13 | _____)

14

15 |              PETITION FOR WRIT OF HABEAS CORPUS

16 |                AND BRIEF IN SUPPORT THEREOF

17 |      Petitioner, GLENN ALLEN RAMIREZ, respectfully submits this

18 | petition for Writ of Habeas Corpus on denial filed by the Superior

19 | Court of California in Santa Clara County on November 20, 2006

20 | Case Number CC 120254. A Restitution Fine shall always be

21 | considered by the defendant's ability to pay regardless of

22 | imposition, [Government Code Section 13967] or Penal Code Section

23 | 1202.4. The extensive amount imposed is compelling enough for

24 | an ability to pay discretion on defendant's behalf.

25 | Please consider issue raised in brief submitted.

26 | ///

27

28

RECEIVED

MAR 2 6 2007

CLERK SUPREME COURT

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
6 36591

S151976

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re GLENN ALLEN RAMIREZ on Habeas Corpus

The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780; *In re Dixon* (1953) 41 Cal.2d 756.)

SUPREME COURT
**FILED**

SEP 1 2 2007

Frederick K. Ohlrich Clerk

_____

Deputy

**GEORGE**

Chief Justice